WATFORD, Circuit Judge,
dissenting in part:
I would affirm as to the Fourth Amendment claim. Even taking the facts in the light most favorable to the Bensons, as we must, I don’t think we can say that a Fourth Amendment seizure occurred here. An officer may request a person’s identification and retain it for as long as necessary to run a background check without effectuating a seizure. See Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cnty., 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004); United States v. Chan-Jimenez, 125 F.3d 1324, 1326 (9th Cir.1997). A seizure occurs only if the officer retains an individual’s identification for longer than necessary and initiates further inquiry before returning it. Chan-Jimenez, 125 F.3d at 1326. Officer Pettis did not initiate further inquiry or investigation before returning Mr. Benson’s identification, so no Fourth Amendment seizure occurred. That remains true regardless of whether Pettis told Benson to stay where he was while Pettis conducted the background check.